# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ABINGDON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 1:00CR00083 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **ALBERT N. "CAP" SMITH**, | ) | By: James P. Jones |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

*Rick Mountcastle, Assistant United States Attorney, Abingdon, Virginia, for United States; Thomas R. Scott, Jr., Street Law Firm, LLP, Grundy, Virginia, for Defendant.*

Albert N. "Cap" Smith, a bank loan officer, pleaded guilty in 2000 to an information charging him with conspiracy to commit bank fraud, receipt of gifts for procuring loans, and making false bank entries. He was sentenced on February 5, 2001, to 21 months imprisonment, to be followed by three years supervised release. Restitution in the amount of $298,163.70 was imposed. He was directed to make installment payments on the restitution of $25 per month.[1]

---

[1] Payment of interest on the balance was waived. The restitution obligation was made jointly and severally with Smith's co-conspirator, Shannon Justus, who was sentenced in a separate case.

Smith served his prison term and was released to supervision. By order entered June 11, 2003, at the request of his probation officer, the installment payments were increased to $50 per month.

Smith's supervised release term ended in September of 2005. On September 15, 2005, the government wrote to Smith, requesting that he increase his monthly installments to $150 per month. Over a year later, on December 6, 2006, the government again wrote Smith, requesting that he increase his monthly payments to $200. In response, Smith filed the present motion, asking that the court allow him to reduce his installments to $25 per month, the sum originally fixed, on account of a change in his circumstances. Smith represents that he is no longer gainfully employed and receives Social Security disability benefits. In a addition, his wife has retired from her job as a school teacher.

The payment schedule of a restitution order may be adjusted by the sentencing court upon notification of a "material change in the defendant's economic circumstances that might effect the defendant's ability to pay restitution" and "as the interests of justice require." 18 U.S.C.A. § 3664(k) (West 2000). The defendant has

- 2 -

the burden of proof of demonstrating his financial resources. 18 U.S.C.A. § 3664(e) (West 2000).[2]

I find that Smith has failed to show that it is appropriate to reduce his installment payments. The current amounts are almost nominal in light of the size of the principal outstanding. In view of this fact, and the other circumstances shown, I will not exercise my discretion to adjust the installments. *See United States v. Vanhorn*, 399 F.3d 884, 886 (8th Cir. 2005) (holding that district court has discretion to refuse to modify restitution order under § 3664(k)).[3]

For these reasons, it is **ORDERED** that the Motion and Amended Motion to Modify Payment Schedule are DENIED.

ENTER: April 25, 2007

/s/ JAMES P. JONES
Chief United States District Judge

---

[2] While the defendant's term of supervised release has expired, an order directing payment of restitution is not merely a condition of supervision, but an independent component of the sentence. *United States v. Hamburger*, 414 F. Supp. 2d 219, 225 (E.D.N.Y. 2006).

[3] The fact that a schedule of payments has been ordered does not prevent the government from undertaking other collection efforts, such as debtor interrogatories. *See United States v. Hawkins*, 392 F. Supp. 2d 757, 760 (W.D. Va. 2005).

Case 1:00-cr-00083-JPJ   Document 28   Filed 04/25/07   Page 3 of 3   Pageid#: 29